IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TERRIE SHOEMAKER                                                                PLAINTIFF

v.                                    No. 4:12-cv-638-DPM

SYKES ENTERPRISES INC. and
NIKKI EDWARDS                                                                   DEFENDANTS

## ORDER

Shoemaker moves to strike Sykes Enterprise, Inc.'s answer because it was three days late. *Document No. 5.* She also asks the Court to enter default judgment. *Ibid.* Sykes responds that its delay in timely filing was due to excusable neglect and that Shoemaker suffered no prejudice or additional damages as a result of the late filing. *Document No. 6.* The corporation says it did not learn of service on its agent until 8 November 2012, two days after the responsive pleading was due. *Ibid.* Sykes filed its answer the next day. *Document No. 3.*

The Court may accept late filings due to "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). Here, the tardiness was marginal neglect, not an intentional violation of the rules.

*United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993) (reversing default judgment for a twelve-day delay in filing answer due to mistake). Sykes's registered agent failed to notify it about the service of process, and the company filed an answer swiftly once it was informed. *Document No. 6*.

Striking the answer and entering default judgment against Sykes would also be inappropriate because Shoemaker has made no showing of prejudice. *Johnson v. Dayton Electric Manufacturing Co.*, 140 F.3d 781, 785 (8th Cir. 1998). And Sykes has raised meritorious defenses. *Ibid.* Shoemaker was well aware of Sykes's intention to defend because the company has been defending in this matter since the underlying EEOC charge of discrimination, denying Shoemaker's factual allegations and raising affirmative defenses. No disadvantage arose from the three-day delay.

Motion to strike and for default judgment, *Document No. 5*, denied. The Court grants permission for Sykes's belated answer in the circumstances.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 December 2012